HOLLAND LAUNDRY, INC., Plaintiff, *v.* WALTER LINDQUIST,
Defendant.

Supreme Court, Special Term, Kings County, November 2, 1939.

*Louis Malin,* for the plaintiff.

*David M. Schlossberg,* for the defendant.

SWEZEY, J.  Motion for a temporary injunction enjoining and restraining the defendant from soliciting, servicing or taking for himself or for any other firm, person or corporation, directly or indirectly, any laundry or wearing apparel from any of the customers of the plaintiff which the defendant served while in plaintiff's employ, during the pendency of this action.

It appears that the defendant was employed as a route man by the plaintiff on or about June 14, 1935, and that at that time he entered into an agreement with the plaintiff wherein, among other things, the employee agreed that upon the termination of his employment for any cause whatever he would not engage or act as laundry driver for himself or any other person, firm or corporation within his route, nor would he solicit, serve or take for himself or for any other person, firm or corporation any of the customers of said laundry company upon said route, for the period of two years from the time of the termination of such employment.

The moving papers show that the defendant has approached customers of the plaintiff and advised them that a strike was in progress at the plaintiff's place of business and stated that said

customers could assist in the strike by delivering their laundry to a representative of a competing laundry who accompanied the defendant on his visits to the homes of said customers, and that as a result of this solicitation, these customers complied with his request and delivered their laundry to the competing concern. It is not claimed herein that such solicitation was for his own private gain. It is conceded that a strike is now in progress at the plaintiff's place of business.

The plaintiff claims that until October 11, 1939, the defendant served the plaintiff's customers and that on that day he voluntarily left the plaintiff's employ and went out on strike. Section 876-a of the Civil Practice Act provides that, except upon compliance with all the provisions thereof, " No court nor any judge or judges thereof shall have jurisdiction to issue *any* restraining order or a temporary or permanent injunction in any case involving or growing out of a labor dispute." It seems quite evident that by the use of the word " any " the Legislature intended to include even an injunction or restraining order to prevent the breach of a contract. That fact is borne out by subdivision (a) of that section, wherein it is provided that upon compliance with the provisions of the statute an injunction might issue upon showing proof " That   *   *   *   a breach of any contract not contrary to public policy has been threatened or committed and that such acts or breach will be executed or continued unless restrained." Consequently, this motion comes clearly within the provisions of section 876-a of the Civil Practice Act and, therefore, the plaintiff, before it can obtain the relief which it seeks, must bring itself within the provisions thereof. Having failed to do this, this motion is denied.